**Kenneth R. HUGHES and Braunya Proctor Hughes, Appellants,**

v.

**SMITH–MIDLAND CORPORATION and Easi–Set Industries, Inc., Appellees.**

**No. 02–7137.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 20, 2003.

Charles Clinton Parsons, Charles C. Parsons & Associates, Washington, DC, for Plaintiffs–Appellants.

Mark Douglas Palmer, Bacon, Thornton & Palmer, Greenbelt, MD, for Defendants–Appellees.

Before HENDERSON and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM:

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court is affirmed for the reasons stated in the district court's memorandum opinion of September 30, 2002.

Kenneth Hughes, along with his wife, brought this product liability action against defendants Smith–Midland Corporation ("SMC"), a manufacturer of precast concrete products, and Easi–Set Industries Inc., SMC's subsidiary licensing company. Hughes, a construction worker, sustained serious injuries when a concrete barrier fell from a lift device and landed on him. Hughes alleged that SMC manufactured, supplied, or designed the concrete barrier, and designed the lift device involved in the accident.

The district court granted summary judgment against the plaintiffs on the ground that there was no evidence that the defendants manufactured, supplied, or designed the barrier or lift device that injured Mr. Hughes. Because there was thus "insufficient evidence from which a reasonable juror could find a nexus between defendants and the products alleged to have caused Mr. Hughes' injuries," Op. at 4, summary judgment was appropriate.

The Clerk is directed to withhold issuance of the mandate herein until seven

699

days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).